716

In the Matter of the Arbitration between SOUTH COLONIE CENTRAL SCHOOL DISTRICT, Appellant, and SOUTH COLONIE TEACHERS ASSOCIATION et al., Respondents.

Third Department, April 6, 1978

### APPEARANCES OF COUNSEL

*Tabner, Carlson, Daffner & Farrell (C. Theodore Carlson* of counsel), *for appellant.*

*Bernard F. Ashe (Susan M. Topper* of counsel), for respondents.

## OPINION OF THE COURT

LARKIN, J.

On March 19, 1976 the petitioner school district and the respondent South Colonie Teachers Association, the bargaining unit which represented respondent William Austin, entered into the agreement which is in issue on this appeal. This agreement, effective from July 1, 1975 to June 30, 1977, contains the following definition of a grievance: "A 'grievance' is a claim based upon an event or condition which affects the terms and conditions of employment of a teacher or group of teachers and/or the interpretation or meaning of any of the provisions of this Agreement or any subsequent Agreement entered into pursuant to this Agreement. *The term 'grievance' shall not apply to any matter for which a method of review is prescribed by law or by any rule or regulation of the State Commissioner of Education having the force and effect of law."* (Emphasis supplied.) The parties agreed to submit grievances to arbitration under the rules of the American Arbitration Association and "to accept the arbitrator's award as final and binding upon them".

By notice dated January 19, 1977, petitioner charged respondent Austin, a physical education teacher in the school district, with neglect of duty and misconduct. The charges were filed pursuant to section 3020-a of the Education Law, which sets forth the procedure for filing, processing and disposing of all charges against persons enjoying tenure as defined in the Education Law. It was alleged, among other charges, that respondent Austin participated in a basketball tournament as a coach, without permission, instead of working for petitioner during four school calendar days in January, 1977, that he neglected his teaching responsibilities for the full month of December, 1974 and that he ignored directions by officials of the petitioner to report to work.

Thereafter, the demand for arbitration in issue herein, dated February 17, 1977, was received by the petitioner from the respondent association. The demand defined the nature of the dispute as a violation by petitioner of the employment contract in denying personal leave to respondent Austin and docking him four days' pay for use of such leave. The remedy sought was: "Reimbursement of four days pay to the grievant and interest. Further, that the District cease and desist from the practice of denying personal leave. That all disciplinary actions resulting from the grievant's use of personal leave

which is guaranteed under the contract" *[sic]*. Special Term denied a motion by petitioner to stay the arbitration and this appeal ensued.

In *Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. (United Liverpool Faculty Assn.)* (42 NY2d 509, 510-511) the Court of Appeals set forth the standard which should be followed in deciding whether in an arbitration proceeding under the Taylor Law, a particular matter is within the scope of the arbitration clause: "We hold that in arbitrations which proceed under the authority of the Taylor Law, the scope of the particular arbitration clause, and thus whether the question sought to be submitted to arbitration is within or without the ambit of that clause, is to be determined by the courts. In making such determinations the courts are to be guided by the principle that the agreement to arbitrate must be express, direct and unequivocal as to the issues or disputes to be submitted to arbitration; anything less will lead to a denial of arbitration." Applying this standard to the instant facts, we conclude that Special Term erred in refusing to stay the arbitration sought by respondents.

An examination of the petitioner's notice under section 3020-a of the Education Law and of the subject demand for arbitration leaves no doubt that they concern generally the same factual background and issues. The grievance provision in the March 19, 1976 agreement specifically excluded from the definition of grievance "any matter for which a method of review is prescribed by law". In the instant case the "matter" which respondents sought to arbitrate was already the subject of a pending proceeding for which elaborate review, concluding with judicial review under CPLR article 78 or by appeal to the Commissioner of Education, was prescribed by law (Education Law, § 3020-a). As such, the arbitration provision is certainly less than "express, direct and unequivocal" in placing the instant controversy within its purview *(Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.], supra,* p 511).

We note that the Court of Appeals has, in examining the very arbitration provision in issue on this appeal, referred to it as "[o]n its very face * * * not a narrow one" and as committing "a very broad range of issues to ultimate arbitral determination" *(Matter of South Colonie Cent. School Dist. v Longo,* 43 NY2d 136, 141). It is our conclusion, however, that under the standards of the *Matter of Acting Supt. of Schools*

*of Liverpool Cent. School Dist. (United Liverpool Faculty Assn.) (supra)* case the agreement is not, under thè particular facts presented by this record, so broad as to commit the issues raised by respondents to arbitration.

The order should be reversed, on the law, without costs; the motion should be granted, and the arbitration stayed.

MAHONEY, P. J., SWEENEY, KANE and MAIN, JJ., concur.

Order reversed, on the law, without costs; motion granted, and arbitration stayed.